### WYNN v. CARBAJAL.

#### No. 17298.

Court of Appeal of Louisiana. Orleans.

March 25, 1940.

Rehearing Denied April 22, 1940.

Fred G. Veith, of New Orleans, for appellant.

Henry & Kelleher, of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff, a colored woman named Amelia Wynn, claims that, on October 2, 1937, while she was a tenant in the premises No. 220 South Roman Street in the City of New Orleans, which is owned by the defendant, Manuel G. Carbajal, a large piece of plaster fell from the ceiling of the kitchen upon her head and shoulders and that, as a result, she sustained serious and painful bodily injuries for which she seeks recovery in the sum of $563.

The defendant admits the ownership of the premises and that the plaintiff was a tenant but denies the happening of the accident.

After a trial in the district court, there was a judgment dismissing plaintiff's suit. Hence this appeal.

The sole issue as made up by the record is one of fact, i. e. whether the plaster fell upon the plaintiff and whether she was injured as a consequence thereof.

Plaintiff testified in the district court that she was sitting in the kitchen of the leased premises when a large portion of the plaster of the kitchen ceiling fell, striking her on her head and shoulders; that about three buckets full of plaster fell upon her; that she suffered contusions and bruises of the face, head and shoulders and that she was confined to her bed for four weeks thereafter.

Her testimony with respect to the happening of the accident is corroborated by the evidence of Eldrige Young, a colored man, who says that he was present when the plaster fell upon her.

Plaintiff also produced Dr. Ford N. Jones who states that he treated her for contusions and bruises sometime after the accident and that she was confined to her bed for a period of two or two and a half weeks. Dr. Jones was unable to state, however, the dates upon which he administered treatment to the plaintiff.

In addition to the foregoing, plaintiff offered in evidence a piece of plaster which she says is one of the pieces which fell on her. This plaster has a thickness of about two inches.

At the time of the accident, plaintiff was in the employ of Dr. C. L. Brown, a practicing physician of New Orleans. Dr. Brown testified on behalf of the defendant

and stated that he visited the plaintiff at her home about two or three days after the accident is alleged to have happened; that she was in bed; that he did not make an examination of her injuries but that, as far as he was able to observe, there was no evidence of contusions or bruises upon her face and head.

Dr. J. A. Colclough, who examined the plaintiff on behalf of the defendant about 15 days after the occurrence, states that he could not find anything wrong with her and that there was no visible evidence of bruises on her head or shoulders.

The defendant also produced the evidence of Burton Hudson, the plasterer who repaired the ceiling, who states that the plaster which fell had a thickness of only three-eighths of an inch. He also swears that the piece of plaster produced by plaintiff did not come from the ceiling of the house. The testimony of Hudson is confirmed by the statement of Donald C. Williams, an insurance adjuster who visited the plaintiff shortly after the accident, at the request of the defendant.

When the plaintiff originally filed her suit, she brought it in forma pauperis and made affidavit that her poverty was such that she could not pay the costs of court. The defendant attacked the truthfulness of her affidavit and challenged her right to prosecute her action without payment of costs. When she was questioned regarding her financial resources, she was asked, whether she had any money in the bank. At first she denied that she had a bank account. Later she confessed that she had an account in the Whitney Bank but stated that she had only $60 on deposit. Whereupon, counsel for the defendant told her that, if this was true, he would abandon his rule. He advised her, however, that he intended to verify her statement at the bank. Thereupon, she admitted that she had lied when she told him that she had only $60 in the bank and stated that her deposit amounted to six or seven hundred dollars. In her evidence at the trial, she conceded that she had sworn falsely when she signed the affidavit that she was without funds.

The district judge gave written reasons for his finding in favor of the defendant. In his opinion, he brands the plaintiff as a perjurer and concludes that her claim is fictitious and fraudulent. A careful reading of the record has satisfied us not only that our brother below was correct in his conclusion on the facts of the case but that the strong language used by him in condemning the plaintiff's testimony is not unwarranted.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.